UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| GERALD LEE DASSANCE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-577 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| MICHIGAN DEPARTMENT OF ) | |
| CORRECTIONS et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid a partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff presently is incarcerated at Marquette Branch Prison. He is serving a term of twenty-seven years and six months to fifty-five years, imposed by the Eaton County Circuit Court on October 22, 1981, after Plaintiff was found guilty by a jury of second degree murder.

In his *pro se* complaint, Plaintiff sues the Michigan Department of Corrections (MDOC) and Governor Jennifer Granholm, former Governor John Engler, Attorney General Mike Cox, MDOC Director Patricia Caruso, former MDOC Director Kenneth McGinnis, Deputy Director of the Correctional Facilities Administration Dennis Straub, former Deputy Director of the Correctional Facilities Administration Dan Bolden, and Warden Mary Berghuis of the West Shoreline Correctional Facility, in their personal and official capacities. Plaintiff alleges that Defendants forfeited his previously awarded good-time credits in violation of Article I, Section 10, Article III and Article VI of the United States Constitution and his Fifth Amendment, Sixth Amendment and Fourteenth Amendment rights.

Plaintiff argues that amendments to Michigan statutes and MDOC policies subsequent to his conviction effectively increased his prison term by 2,791 days. *See* MICH. COMP. LAWS §§ 791.233b and 800.33; MICH. DEP'T. OF CORR., Policy Directive 03.01.100 (eff. Dec. 1, 2004). Plaintiff alleges that, if Defendants had not forfeited 2,791 days of Plaintiff's previously awarded good-time credits, he would have been eligible for parole in 2000. Plaintiff seeks declaratory relief, as well as compensatory and punitive damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claim for reinstatement of his lost good-time credits must be brought as a federal habeas petition because it implicates the duration of his incarceration. The loss of good-time credits is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.[1] *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No.

---

[1] A prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). As Plaintiff brought this action under the civil rights statutes rather than under the habeas corpus statutes, Plaintiff has not exhausted his federal claims in any level of the state courts.

93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Plaintiff's claims for monetary damages and declaratory relief are barred by *Heck*, 512 U.S. at 477, because they implicate the duration of his confinement. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 to recover monetary damages if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 487. When success in a § 1983 damages action would implicitly question the validity of the duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. *Muhammad v. Close,* 540 U.S. 749, 751 (2004). Courts have extended the holding in *Heck* to claims seeking declaratory relief as well as damages under § 1983. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (where a prisoner's claim for declaratory relief and monetary damages based on unfair procedures in a hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983). If the Court were to grant monetary damages or declaratory relief for the forfeiture of good-time credits, such ruling would necessarily call into question the validity of the duration of Plaintiff's sentence. Therefore, under *Heck,* Plaintiff must demonstrate that the alleged improper loss of good-time credits to his sentence has been reversed, expunged or

set aside by a state court or called into question by a federal court's issuance of a writ of habeas corpus prior to bringing this action. *See Heck*, 512 U.S. at 477. Plaintiff has failed to show that the loss of good-time credits to his sentence has been reversed, invalidated or expunged prior to bringing this action under § 1983. When a claim is not cognizable under § 1983 because of the rule espoused in *Heck*, the claim should be dismissed. *Edwards,* 520 U.S. at 649.

Plaintiff also makes broad allegations that Defendants engaged in conspiracies against him to forfeit his good-time credits. Because Plaintiff's complaint contains broad and conclusory language, void of the factual allegations necessary to support a conspiracy theory, Plaintiff failed to state a conspiracy claim against Defendants under 42 U.S.C. § 1985. *Lewis v. Pendell,* 90 F. App'x 882, 884 (6th Cir. February 4, 2004) (*citing Gutierrez v. Lynch,* 826 F.2d 1534, 1538-39 (6th Cir. 1987)). As Plaintiff does not present a claim for relief under 42 U.S.C. § 1985, the complaint also fails to state a claim under 42 U.S.C. § 1986. *Lewis,* 90 F. App'x at 884.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.


Date:   September 28, 2005          /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  CHIEF UNITED STATES DISTRICT JUDGE